**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-7527**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT MARSHALL HOUSE, SR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CR-96-174)

———————

Submitted: June 13, 2005                    Decided: July 5, 2005

———————

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert Marshall House, Sr., Appellant Pro Se. Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Marshall House, Sr., a federal prisoner, seeks to appeal the district court's order summarily denying his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and Blakely v. Washington, 124 S. Ct. 2531 (2004), following the district court's denial of House's 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (2000); Jones v. Braxton, 392 F.3d 683 (4th Cir. 2004); Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that House has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe House's notice of appeal and informal brief on appeal as an application to file a second or successive motion under 28 U.S.C. § 2255 (2000). See United

- 2 -

States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:  (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty.  28 U.S.C. § 2255 (2000).  House's claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>